UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
BOBBY MALDONADO

      Plaintiff,                        MEMORANDUM AND ORDER

   -against-                         Civil Action No.
                                         CV-04-5033(DGT)
DR. FRANCIS FRANCIN, DR. MICHAEL
BORECKY and COUNSELOR ROBERT
SANCHEZ,

      Defendants.

---------------------------------X

Trager, J:

    On April 6, 2007, Magistrate Judge Lois Bloom issued an order (the "April 6th Order" or "Order") denying the request of defendants Dr. Francis Francin, Dr. Michael Borecky, and Counselor Robert Sanchez (collectively "defendants") for a briefing schedule requiring plaintiff Bobby Maldonado ("Maldonado" or "plaintiff") to respond to the defendants' previously-served Motion to Dismiss or, in the Alternative, for Summary Judgment.  Magistrate Judge Bloom held that "plaintiff is entitled to conduct discovery, including depositions, on his claim that defendants were deliberately indifferent to his serious medical needs. . . . Therefore, the Court declines to rule on the federal defendants' motion at this juncture as it is premature and plaintiff need not respond to federal defendants' motion."  Order at 2-3.

1

Defendants submitted their objections to the April 6th Order on April 20, 2007. Defendants argue that "the April 6 Order should be set aside, and the Court should proceed to obtain complete briefing on, and to decide, the Federal Defendants' motion to dismiss before any discovery is allowed." Defs.' Objections to Magistrate Judge's Order ("Defs.' Obj.") at 2. Defendants' primary argument is that their motion "asserts threshold defenses of qualified and absolute immunity, and because such immunity is an immunity from suit (including an immunity from discovery) rather than merely a defense to the plaintiffs' claims, discovery is inappropriate at this juncture." Id. at 1-2.[1] Plaintiffs submitted their Opposition to Federal Defendants' Objections to Magistrate Judge Bloom's April 6th Order ("Pl.'s Opp.") on May 3, 2007.

As a threshold matter, the parties disagree about the appropriate standard of review. Defendants maintain that Magistrate Judge Bloom's order "is tantamount to a substantive (albeit implicit) denial of the merits of their summary judgment motion," Defs.' Obj. at 20, and therefore that this order should be given de novo review, id. at 14. Plaintiff counters that "Magistrate Judge Bloom issued a nondispositive order exercising her discretion not to rule on the Motion until the parties engage

---

[1] Defendants also argue that the claims against Dr. Michael Borecky are barred by the applicable statute of limitations.

in discovery," and that this order should be upheld unless it is "clearly erroneous or contrary to law."  Pl.'s Opp. at 6-7.

Plaintiff is correct.  The April 6th Order was not a de facto substantive ruling on defendants' motion.  Magistrate Judge Bloom exercised her discretion to postpone plaintiff's response to defendants' motion until after further discovery.  <u>See</u> Fed. R. Civ. P. 6(b).  After discovery, Magistrate Judge Bloom can set an appropriate briefing schedule and then issue a Report and Recommendation on the merits of defendants' motion.  <u>See</u> Order of Judge David G. Trager, dated Sept. 15, 2005 (referring any motion by defendants to dismiss or alternatively for summary judgment to Magistrate Judge Bloom for a Report and Recommendation).  Because the April 6th Order is not clearly erroneous or contrary to law, it will be upheld.  <u>See</u> 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Defendants' primary argument is that Magistrate Judge Bloom has effectively denied defendants the qualified immunity privilege to avoid "unnecessary and burdensome discovery or trial proceedings."  Defs.' Obj. at 19 (quoting <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597-98 (1998)).  Defendants argue that "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  Defs.' Obj. at 18-19 (quoting <u>Mitchell v. Forsyth</u>, 472 U.S. 511,

3

526 (1985)).

Plaintiff's complaint, however, does state a claim of violation of clearly established law. Plaintiff alleges that defendants exhibited "extreme deliberate indifference to his medical needs while he was imprisoned." Pl.'s Opp. at 1; see generally Second Amended Complaint, dated March 1, 2007. Specifically, plaintiff claims that defendants failed to diagnose and treat his hyperthyroidism in a timely and reasonable manner. These claims allege a violation of plaintiff's clearly established Eighth Amendment rights. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (finding that inmate's claim of deliberate indifference to his serious medical needs is cognizable under the Eighth Amendment). Therefore, the next sentence from Mitchell, which defendants omit, is actually more instructive here: "Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment <u>if discovery fails</u> to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." Mitchell, 472 U.S. at 526 (1985) (emphasis added).[2]

Magistrate Judge Bloom's decision to postpone full briefing

---

[2] As noted, defendants also argue that the claims against Dr. Borecky are time-barred. There are insufficient facts in the record to evaluate the merits of that defense at this time. Therefore, defendants' statute of limitations claim should be addressed with the full motion to dismiss.

4

on defendants' motion until after additional discovery is not clearly erroneous or contrary to law.  Given the fact-specific nature of defendants' qualified immunity claims in the current case, the magistrate judge properly exercised her discretion to permit some additional discovery before plaintiff responds to defendants' motion.  Therefore, defendants' request to set aside the April 6th Order is denied.

Dated:     Brooklyn, New York
           September 20, 2007         SO ORDERED:


                                             _____/s/_____
                                             David G. Trager
                                             United States District Judge